FILED
2005 Dec-02 PM 12:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

AHM/MWW: DEC. 2005
GJ # 32

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| CAROLYN A. ARRINGTON | ) |

<u>INDICTMENT</u>

<u>COUNT ONE</u>: (18 U.S.C. § 641)

The Grand Jury charges:

That from on or about the 2nd day of October, 1998 and continuing until on or about the 1st day of April, 2005, in Jefferson County, within the Northern District of Alabama, the defendant,

**CAROLYN A. ARRINGTON,**

did knowingly and willfully steal and convert to her own use ant to the use of another money belonging to the United States Department of Labor, that is approximately $ 40,752, in violation of Title 18, United States Code, Section 641.

A TRUE BILL

*/s/Electronic Signature*
FOREMAN OF THE GRAND JURY

ALICE H. MARTIN
United States Attorney

*/s/Electronic Signature*

MICHAEL W. WHISONANT
Assistant United States Attorney

TRUE COPY:
By: _____

FILED
2006 Jan-24 PM 03:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR 2:05-CR-0536-JHH-TMP |
| | ) |
| CAROLYN A. ARRINGTON | ) |

**FILED JAN 2 4 2006 UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ALABAMA**

## PLEA AGREEMENT AND CONDITIONS

The United States of America, the defendant and defendant's attorney each hereby acknowledges the following to be the plea agreement between the defendant and the United States and the conditions and understandings that apply to the agreement:

I. **PLEA AGREEMENT**: The United States and the defendant hereby AGREE to the following:

(a) <u>Plea</u>: The defendant will plead guilty to the Indictment and agree to pay full restitution in the amount determined by the Court.

(b) <u>Understanding</u>: Pursuant to Rule 11(c)(1)(B), Fed. R. Crim. P., and upon the Court's acceptance of the aforesaid plea and entry of judgment on the same, the United States will do the following:

(1) The government recommends that the defendant be given a two-level reduction for acceptance of responsibility. The government further recommends that the defendant be sentenced to the low end of the guidelines. The government further reserves the full right of allocution.

TRUE COPY:
By: _____

(c) <u>Factual Basis</u>:

Title IV of the Federal Coal Mine Safety and Health Act of 1969 provides for monthly benefit payments to coal miners and their surviving dependents. Helen Johnson received what are commonly referred to as "black lung" benefits under the Act following the death of her husband, Earnest Johnson, a former coal miner. Helen Johnson died on September 2, 1998, and the benefits should have stopped.

In late 2004 and early 2005, the Department of Labor sent out three separate mailings to Helen Johnson concerning her eligibility to continue to receive benefits. The mailings were sent to the address maintained by her daughter, defendant CAROLYN A. ARRINGTON. The return receipts on the certified mail showed that the defendant had signed for the mailings. Because there was no response to the mailings, the Department of Labor initiated an investigation.

Agents discovered that on June 22, 1998, the defendant filled out a direct deposit form with Compass Bank in connection with an account belonging to her mother, Helen Johnson. The defendant signed the form and listed herself as a joint account holder. Thereafter, "black lung" benefit funds were electronically deposited into that account.

On April 28, 2005, the defendant was interviewed, and she voluntarily provided a written statement. In that statement, she admitted receiving the "black lung" benefits and using them for her own personal use. ARRINGTON said that she knew what she did was wrong and said she was willing to repay the money. She said approximately $ 40,000 had been deposited into the account since her mother's death.

In fact, between October, 1998 and April, 2005, some $40,752 in United States funds were deposited into the defendant's bank account.

(d) <u>Restitution</u>: Restitution is applicable in this case. Restitution in the amount of $40,752 is due to the United States of America..

(e) <u>Special Assessment Fee</u>: The defendant will bring to the sentencing a money order or cashier's check in an amount of $100.00, payable to the "Clerk, United States District Court" by virtue of the special assessment requirement of Title 18, United States Code, Section 3013. Immediately upon sentencing the defendant will pay the assessment to the Clerk of the Court.

II. <u>CONDITIONS AND UNDERSTANDINGS:</u> The following conditions and understandings apply to the above stated plea agreement:

POSSIBLE SENTENCES AND THE GUIDELINES

(1) <u>Maximum Possible Sentences</u>: The defendant is aware of the maximum possible punishments under the Indictment. The defendant is aware that a sentence could include imprisonment, supervised release terms following imprisonment, fines, assessments, and other costs and losses.

(2) <u>Guidelines</u>: Congress has created Sentencing Guidelines which set a sentencing range in this case. These Guidelines take into consideration, among other things, the nature and consequences of the offense, the defendant's role in the offense, other conduct of the defendant and/or coconspirators relevant to the offense, whether the defendant has accepted responsibility, whether the defendant has obstructed justice, and the defendant's criminal record. The Guidelines may require or suggest a variety of punitive measures other than or <u>in addition</u> to simple incarceration.

The defendant and the defendant's attorney are aware of the Sentencing Guidelines and have studied their application to this case. The defendant is aware that the Guidelines can be complicated. The defendant is further aware that the Court ultimately calculates the Guidelines

range applicable to this case and is not bound by the defendant's or the United States Attorney's calculations.

The Court may even decide that the recommended sentence is not within the Guidelines range and may not follow the recommendation for that reason. Also, the Court may, for just cause, impose a sentence above or below the guidelines range, even the maximum possible sentences under the law. The court may, in its discretion, refuse to grant any motion by the government for downward departure based on upon substantial assistance furnished by the defendant.

(3) <u>Non-binding</u>: It is the Court's duty to impose sentence. The Court is not a party to the above plea agreement. Any sentence recommendation by the United States does not bind the Court, and the Court may impose a more severe or less severe sentence than that recommended.

(4) <u>Sentencing Information</u>: The United States may make any facts or evidence it deems relevant to sentencing known to the Court. The United States reserves full rights of allocution.

(5) <u>Supervised Release</u>: The defendant is aware that the Court must impose a term of supervised release to commence following the completion of any custodial portion of the defendant's sentence. The defendant understands that violation of the terms of the conditions for supervised release could result in the imposition of additional imprisonment and custodial time to be served.

## WITHDRAWAL OF GUILTY PLEA NOT ALLOWED

If the Court decides not to give the recommended sentence, or decides that the recommended sentence is not within the guidelines range, the defendant may not withdraw the plea of guilty.

## FAMILIARITY WITH CHARGES

The defendant is aware of the charges, and has discussed the charges and possible defenses with counsel. The defendant is fully aware of the elements charged in Count One of the Indictment. The defendant has been informed of the necessary proof required of the government for each element of 8 U.S.C. 1326(a) and (b)(2) as stated in of the Indictment.

## ACKNOWLEDGMENT OF GUILT

The defendant is pleading guilty to the charges described above because the defendant is in fact guilty.

## WAIVERS

By pleading guilty the defendant waives and agrees to waive any and all motions, defenses, objections, or requests which have been made or which could have been made in this case. The defendant also waives the right to trial by a jury (or by a judge if the defendant elected to be tried by a judge alone). At any such trial the defendant would have the right to assistance of counsel, to confront and cross-examine the witnesses against the defendant, to present evidence on the defendant's behalf, to compel the attendance of witnesses for the defense, and to testify or refuse to testify. The United States would have the burden of proving the case against the defendant beyond a reasonable doubt. The defendant would be presumed innocent and could only be convicted if a jury of twelve people (or a judge if the defendant elects to be tried by a judge) unanimously found the defendant to be guilty beyond a reasonable doubt. The defendant would have the right to appeal a guilty verdict. All these rights and protections are hereby waived. The Defendant further waives right or right to appeal the conviction(s) and sentence as set out subsequently in this agreement.

## WAIVER OF RIGHT TO APPEAL

Defendant's right to an appeal and his right to file a motion pursuant to 28 U.S.C. § 2255 have been explained to him and he understands those rights. As a part of this plea agreement, Defendant knowingly, intelligently, and voluntarily waives right to appeal conviction(s) and sentence, and to challenge conviction and sentence pursuant to 28 U.S.C. § 2255.

*[signature]*
Defendant's Signature

## COUNSEL

The defendant has discussed this case at length with defendant's counsel. The defendant is satisfied with counsel's investigation of the case, exploration of possible defenses, advice and other representation.

## NON-RELIANCE

Other than what is contained in this document, NO PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO THE DEFENDANT BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED, TO INDUCE THE DEFENDANT TO PLEAD GUILTY. The defendant is not relying on any representations from anyone regarding possible parole or release dates. This document represents the sole agreement and understanding between the defendant and the United States.

## POST SENTENCE ACTIONS

This document in no way limits any response by the United States to post-sentencing actions, including appeals, motions to correct or review sentences, or habeas corpus petitions.

## OTHER DISTRICTS AND JURISDICTIONS

This document **DOES NOT BIND any other United States Attorney** in any other district, nor does it bind state or local authorities.

## TAX PROCEEDINGS

Unless otherwise specified herein, this document in no way applies to or limits any pending or prospective proceedings, related to the defendant's **tax liabilities**, if any.

## COMPETENCE

The defendant has not had any drugs, medication or alcohol within the past 48 hours except as stated hereafter, and is competent to enter the plea agreement stated above.

## ACKNOWLEDGMENTS

1. I have READ this document, DISCUSSED it with my attorney, and UNDERSTAND and AGREE with all its provisions both individually and totally.

   1-20-2006
   DATE

   CAROYLN A. ARRINGTON

2. I have discussed this case with the defendant in detail and have advised the defendant of the defendant's rights and all possible defenses. The defendant has conveyed to me that the defendant understands this document and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

   1-20-2006
   DATE

   JACOB C. SWYGERT, JR.
   Attorney for Defendant

3. I have reviewed this document and agree to its provisions.

   1/24/06
   DATE

   ALICE H. MARTIN
   UNITED STATES ATTORNEY

   MICHAEL W. WHISONANT
   ASSISTANT UNITED STATES ATTORNEY

   TRUE COPY:
   By: _____

7

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

**FILED**
2006 May-17 PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

UNITED STATES OF AMERICA

v.    Case Number CR 05-H-536-S

CAROLYN A. ARRINGTON
Defendant.

### JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, CAROLYN A. ARRINGTON, was represented by Jacob C. Swygert, Jr.

The defendant pleaded guilty to count 1. Accordingly, the defendant is adjudged guilty of the following count, involving the indicated offense:

| Title & Section | Nature of Offense | Count Number |
|---|---|---|
| 18 USC 641 | Conversion of Money of the United States Department of Labor | 1 |

As pronounced on May 17, 2006, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count 1, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 17th day of May, 2006.

SENIOR UNITED STATES DISTRICT JUDGE

TRUE COPY:
By: _____

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 4 - Probation

Judgment--Page 2 of 5

Defendant: CAROLYN A. ARRINGTON
Case Number: CR 05-H-536-S

## PROBATION

The defendant is hereby placed on probation for a term of SIXTY (60) MONTHS. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of probation.

### STANDARD CONDITIONS OF PROBATION

While the defendant is on probation pursuant to this Judgment:

1) The defendant shall not commit another federal, state or local crime; specifically, the defendant shall not illegally possess a controlled substance and shall not own or possess a firearm or destructive device.
2) The defendant shall not leave the judicial district without permission of the Court or probation officer.
3) The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
4) The defendant shall answer truthfully all inquiries by the probation officer, shall provide the probation officer access to requested financial information, and shall follow the instructions of the probation officer.
5) The defendant shall support his or her dependents and meet other family responsibilities.
6) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) The defendant shall notify the probation officer ten (10) days prior to any change in residence or employment. (On change of residence to a new jurisdiction of a person convicted either of a crime of violence or of a drug trafficking offense, the Probation Office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b).)
8) The defendant shall refrain from excessive use of alcohol, except that a defendant while in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) shall consume no alcohol. The defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12) The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
14) The defendant shall comply with any directions from the probation officer to serve notice of third party risks the defendant may pose, and shall cooperate with the officer's efforts to confirm compliance.
15) The defendant shall comply with the probation office's Policies and Procedures Concerning Court Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case. Further, the defendant shall notify the probation office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine, restitution, or assessment fee. If the defendant becomes more than 60 days delinquent in payments of financial obligations, the defendant may be (a) required to attend a financial education or employment preparation program under the administrative supervision the probation officer, (b) placed on home confinement subject to electronic monitoring for a maximum period of 90 days under the administrative supervision of the probation officer (with the defendant to pay the cost of monitoring unless the probation officer determines that the defendant does not have the ability to do so), and/or (c) placed in a community corrections center for up to 180 days under the administrative supervision of the probation officer (with the defendant to pay the cost of subsistence unless the probation officer determines that the defendant does not have the ability to do so).
16) Unless excused by a special condition of probation or supervised release in the Judgment or by a subsequent court order, the defendant shall comply with 18 U.S.C. § 3563 (a) (probation) or § 3583 (d) (supervised release) regarding mandatory drug testing (with the defendant to contribute to the cost of drug testing unless the probation officer determines that the defendant does not have the ability to do so). A positive urinalysis may result in the defendant's placement in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) under the administrative supervision of the probation officer.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Probation

Defendant: CAROLYN A. ARRINGTON  
Case Number: CR 05-H-536-S

Judgment--Page 3 of 5

**CONTINUATION OF STANDARD CONDITIONS OF PROBATION**

17) The defendant may be placed in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgment, under the administrative supervision of the probation officer after a positive urinalysis, or a court order entered during the period of probation or supervision for other good cause shown. This program may include (a) testing by the probation officer or an approved vendor to detect drug or alcohol abuse (with the defendant to contribute to the cost of drug testing unless the probation officer determines that the defendant does not have the ability to do so), (b) a mandatory drug education program (which may include individual or group counseling provided by the probation office or an approved vendor with the defendant to contribute to the cost of drug/alcohol treatment unless the probation officer determines that the defendant does not have the ability to do so), (c) placement in a residential treatment program or community corrections center for up to 180 days under the administrative supervision of the probation officer (with the defendant to pay the cost of subsistence unless the probation officer determines that the defendant does not have the ability to do so), and (d) home confinement subject to electronic monitoring for a maximum period of ninety (90) days under the administrative supervision of the probation officer (with the defendant to pay the cost of monitoring unless the probation officer determines that the defendant does not have the ability to do so).

18) The defendant may be placed in the probation office's computer restriction/monitoring program (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgment. This program may include the following: (a) The defendant shall not possess or use any computer or portable electronic device which has the capability of communicating with any other electronic device without the prior approval of the probation officer or the Court. This includes, but is not limited to, any computer, personal digital assistant, satellite equipment, cellular telephone, or services such as computer on-line bulletin board services and/or internet service. The defendant shall notify the probation officer before altering or effecting repairs to any computer he uses. (b) The defendant shall permit the probation officer to conduct periodic, unannounced examinations of any computer and computer-related equipment the defendant uses, other than equipment owned by his/her employer that is maintained at a place of employment other than the defendant's home. The examination may include the retrieval and copying of all data from the computer, and internal or external peripheral equipment, and any software. (c) The defendant, under the administrative supervision of the probation officer, shall allow, at his expense, the installation of any hardware/software on any computer system he uses, other than equipment owned by his employer, to monitor his/her computer use (and/or to prevent access to prohibited materials), and he/she shall submit to such monitoring. The defendant shall consent to the placement of a notice on any computer upon which monitoring hardware/software is installed to warn others of the existence of the monitoring. (d) The defendant shall not use any computer or computer-related equipment owned by his/her employer except for strict benefit of his employer in the performance of his/her job-related duties. (e) The defendant shall consent to third-party disclosure to any employer or potential employer of any computer-related restrictions which have been imposed upon him/her. (f) The defendant shall provide the U.S. Probation Office with accurate information about all hardware and software which comprise any computer system he/she uses; all passwords used by the defendant, and information pertaining to all internet service providers used by the defendant, whether specifically subscribed by the defendant or not. The defendant shall provide written authorization for release of information from the defendant's internet service provider. (g) The defendant shall furnish his/her personal and business telephone records to the probation officer upon request. Furthermore, the defendant shall provide the probation officer with written authorization for release of information from the defendant's telephone service provider. (h) The defendant shall not possess or use any type of data encryption or stenography software or technique. The defendant shall not alter, delete, or hide records pertaining to computer access, retrieval, or storage.

19) The defendant shall cooperate in the collection of DNA under the administrative supervision of the probation officer.

20) If ordered to a period of supervised release after incarceration, the defendant shall report in person, within 72 hours of release from the custody of the Bureau of Prisons, to the probation office in the district where the defendant is released. defendant is released.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 4 (cont'd) - Probation

Defendant: CAROLYN A. ARRINGTON  
Case Number: CR 05-H-536-S

Judgment--Page 4 of 5

### SPECIAL CONDITIONS OF PROBATION

While the defendant is on probation pursuant to this Judgment:

1) The defendant shall serve SIX (6) MONTHS home detention, which may include electronic monitoring under the administrative supervision of the probation officer. The defendant shall pay the cost of monitoring unless the probation officer determines that the defendant does not have the ability to do so.
2) The defendant shall not incur any new debts (other than normal debts for utilities and rental expenses, or mortgage payments) or open any new lines of credit without permission of the probation officer unless the defendant is in compliance with the payment of any monetary obligations ordered.
3) The mandatory drug testing provisions of 18 U.S.C. § 3563(a) are waived upon the court's finding that the offense of conviction is not drug-related, there is no current or past history of substance abuse, and there is a low risk of future substance abuse by the defendant.
4) The defendant shall participate, under the administrative supervision of the probation officer, in mental health rehabilitation programs. The defendant shall contribute to the cost of mental health treatment unless the probation officer determines that the defendant does not have the ability to do so.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 6 - Restitution and Forfeiture

Defendant: CAROLYN A. ARRINGTON  
Case Number: CR 05-H-536-S

Judgment--Page 5 of 5

## RESTITUTION AND FORFEITURE

### RESTITUTION

The court finds, pursuant to §§ 3363A and 3364 of Title 18, that the following is a victim of defendant's criminal conduct and has sustained a loss in the indicated amount and orders restitution by the defendant as follows:

| Name & address of payee(s) | Amount |
|---|---|
| United States Department of Labor<br>Attn: Brenda Jamison<br>402 Campbell Way<br>Mt. Sterling, KY  40353<br>CASE: Helen Johnson | $36,529.00 |

The court has considered the information in the presentence report concerning the defendant's financial circumstances. The court has relied on that information and in doing so finds that the following manner and schedule of payment are appropriate: the defendant is to make equal monthly payments during the period of supervision in accordance with the financial guidelines previously approved by the court for use in this district and administered by the probation office. Restitution is to be paid in full not later than the end of the probationary period.

Payments of restitution, without interest, are to be made to Clerk, U. S. District Court, for transfer to the payee.

CLOSED

# U.S. District Court
# Northern District of Alabama (Southern)
# CRIMINAL DOCKET FOR CASE #: 2:05-cr-00536-JHH-TMP-ALL
# Internal Use Only

Case title: USA v. Arrington

Date Filed: 11/30/2005

Assigned to: Judge James H Hancock
Referred to: US Magistrate Judge T Michael Putnam

**Defendant**

**Carolyn A Arrington** (1)
*TERMINATED: 05/17/2006*

represented by **Jacob C Swygert, Jr**
THE LAW FIRM OF JACOB C SWYGERT JR LLC
401 Whittier Drive
Birmingham, AL 35213
205-529-5371
Fax: 205-967-2705
Email: jswygert@jcs-lawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

18:641 PUBLIC MONEY, PROPERTY OR RECORDS
(1)

**Disposition**

Prob 60 mos; Restitution due; No fine; AF $100.00

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

**Plaintiff**

USA                               represented by    **Alice H Martin, US Attorney**
US ATTORNEY'S OFFICE
1801 4th Avenue North
Birmingham, AL 35203-2101
244-2001
Email: alice.martin@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**US Marshal**
UNITED STATES MARSHAL'S OFFICE
1729 5th Avenue, North
Birmingham, AL 35203
731-1712
Email: usms-aln-courts@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**US Probation**
UNITED STATES PROBATION OFFICE
1729 5th Avenue, North
Birmingham, AL 35203
278-2100
Email: alnpdb_cmecf@alnp.uscourts.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael W Whisonant**
US ATTORNEY'S OFFICE
1801 4th Avenue North
Birmingham, AL 35203-2101
244-2001
Email: Mike.Whisonant@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/30/2005 | 1 | INDICTMENT as to Carolyn A Arrington (1) count(s) 1. (DWC, ) Additional attachment(s) added on 12/5/2005 (DWC, ). (Entered: 12/02/2005) |
| 11/30/2005 | | ***Location start as to Carolyn A Arrington : LU (DWC, ) (Entered: 12/02/2005) |
| | | |

| | | |
|---|---|---|
| 12/02/2005 | ●2 | NOTICE OF HEARING as to Carolyn A Arrington Arraignment set for 12/15/2005 09:30 AM before US Magistrate Judge T Michael Putnam. (DWC, ) (Entered: 12/02/2005) |
| 12/15/2005 | ● | Minute Entry for proceedings held before Judge T Michael Putnam :Arraignment as to Carolyn A Arrington (1) Count 1 held on 12/15/2005-Dft requested ct-apptd counsel and was found eligible for same-Attorney Jake Swygert was apptd and present w/dft-Dft entered a plea of not guilty-Bond ($500.00 UNS), w/ACKNOW and General Order Setting Conds of Rel explained and executed-Dft released. (Court Reporter, Anita McCorvey.) (RLD) (Entered: 12/15/2005) |
| 12/15/2005 | ●3 | (Sealed Document) Bond ($500.00 UNS), w/ACKNOW and General Order Setting Conds of Rel, explained and executed. (RLD) (Entered: 12/15/2005) |
| 12/15/2005 | ●4 | NOTICE OF ATTORNEY APPEARANCE: Jacob C Swygert, Jr appearing for Carolyn A Arrington (Swygert, Jacob) (Entered: 12/15/2005) |
| 12/16/2005 | ●5 | REQUEST for Disclosure by Carolyn A Arrington (Swygert, Jacob) (Entered: 12/16/2005) |
| 12/16/2005 | ●6 | RESPONSE to by USA as to Carolyn A Arrington re 5 *Government's Response to Defendant's Request for Disclosure and Government's Request for Disclosure by Defendant* (Whisonant, Michael) (Entered: 12/16/2005) |
| 12/22/2005 | ● | ORDER as to Carolyn A Arrington - Pretrial Conference set for 1/6/2006 at 9:45 AM before US Magistrate Judge T Michael Putnam in chambers. Signed by Judge T Michael Putnam on 12-22-05. (SMB) (Entered: 12/22/2005) |
| 01/11/2006 | ● | Change of Plea Hearing set for 1/24/2006 at 1:30 PM before Judge James H Hancock. Signed by Judge T Michael Putnam on 1-11-06. (SMB) (Entered: 01/11/2006) |
| 01/12/2006 | ●7 | (Sealed Document) Financial Affidavit, in Support of Request for Attorney, executed and filed. (RLD) (Entered: 01/12/2006) |
| 01/24/2006 | ● | Minute Entry for proceedings held before Judge James H Hancock: Change of Plea Hearing as to Carolyn A Arrington held on 1/24/2006 - plea of guilty entered to count 1 - sentencing set for 4/25/06 at 9:30 am - oral order continuing defendant on same bond. (Court Reporter: Karla Johnson) (KAK) (Entered: 01/24/2006) |
| 01/24/2006 | ●8 | PLEA AGREEMENT as to Carolyn A Arrington filed (KAK) (Entered: 01/24/2006) |
| 01/24/2006 | ● | NOTICE OF HEARING as to Carolyn A Arrington: Sentencing Hearing set for Tuesday, April 25, 2006 at 9:30 am in Courtroom 6B before Judge James H Hancock. (KAK) (Entered: 01/24/2006) |
| 04/25/2006 | ● | NOTICE OF HEARING as to Carolyn A Arrington: Sentencing Hearing |

| | | |
|---|---|---|
| | | RESET for Thursday, May 4, 2006 at 1:30 p.m. in Courtroom 6B before Judge James H Hancock (previously set 4/25/06). (KAK) (Entered: 04/25/2006) |
| 05/02/2006 | 🔘 | NOTICE OF HEARING as to Carolyn A Arrington: Sentencing Hearing RESET for Wednesday, May 17, 2006 at 10:00 a.m. in Courtroom 6B before Judge James H Hancock (previously set 5/4/06). (KAK) (Entered: 05/02/2006) |
| 05/17/2006 | 🔘 | Minute Entry for proceedings held before Judge James H Hancock: Sentencing Hearing held on 5/17/2006 for Carolyn A. Arrington - sentence: prob 60 mos with special conditions as set out in judgment; no fine; restitution to US Dept of Labor in amt of $36,529 (interest waived) to be pd as set out in judgment; special assess $100. (Court Reporter: Karla Johnson) (KAK) (Entered: 05/17/2006) |
| 05/17/2006 | 🔘9 | ORDER OF RESTITUTION as to Carolyn A Arrington ; the court hereby ORDERS restitution by the defendant Carolyn A. Arrington to victim United States Department of labor of the total sum of $36,529.00 as set out. Signed by Judge James H Hancock on 05/17/06. (SDA, ) (Entered: 05/17/2006) |
| 05/17/2006 | 🔘10 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Carolyn A Arrington filed w/USP. (SDA, ) (Entered: 05/17/2006) |
| 05/17/2006 | 🔘11 | Sentencing Recommendations (Sealed) as to Carolyn A Arrington filed w/USP. (SDA, ) (Entered: 05/17/2006) |
| 05/17/2006 | 🔘12 | JUDGMENT as to Carolyn A Arrington (1), Count(s) 1, Prob 60 mos; Restitution due; No fine; AF $100.00 ; SEALED SOR filed w/USP. Signed by Judge James H Hancock on 05/17/06. (SDA, ) (Entered: 05/17/2006) |
| 05/17/2006 | | ***Set (Closed) Flags as to Carolyn A Arrington. (SDA, ) (Entered: 05/17/2006) |
| 05/31/2006 | 🔘13 | CJA 20 as to Carolyn A Arrington: Appointment of Attorney Jacob C Swygert, Jr for Carolyn A. Arrington : Access appointment forms at CJA Forms Signed by Judge T Michael Putnam on 12/15/05. (RLD) (Entered: 05/31/2006) |
| 07/07/2006 | 🔘14 | Probation Jurisdiction Transferred to MD/AL as to Carolyn A Arrington Transmitted Transfer of Jurisdiction form, with certified copies of indictment, plea agreement, judgment, financial report and docket sheet. (HBB, ) (Entered: 07/07/2006) |

TRUE COPY:
By: _____

```
***********************************************************************************************
RUN ON 07/07/06                         FEDERAL COURT SYSTEMS
                                     NORTHERN DISTRICT OF ALABAMA                          PAGE: 1
                                         CASE INQUIRY REPORT
***********************************************************************************************
CASE NO: 2:05-CR-H536         TITLE: USA VS ARRINGTON

DEFENDANT #            ORDERED AMOUNT      AMOUNT PAID      BALANCE DUE      ACCOUNT   PAYMENT TYPE
1  ARRINGTON, CAROLYN           100.00           100.00            0.00      504100    FINE
   ARRINGTON, CAROLYN        36,529.00           610.00       35,919.00      6855XX    RESTITUTION
                             ---------        ---------      ----------
                             36,629.00           710.00       35,919.00

PAYEE                                  OWED              PAID                BALANCE OWED
UNITED STATES DEPT OF LABOR       36,529.00            610.00                  35,919.00
                                  ---------          --------                  ---------
                                  36,529.00            610.00                  35,919.00

TRANSACTION  RECEIPT/    RECEIPT/   INCREASE/   TYPE OF   ACCOUNT   DEFENDANT
             VOUCHER     VOUCHER    (DECREASE)  TRANS-    NUMBER    PAYEE/BANK
             NUMBER      DATE       CASE BAL    ACTION              NUMBER

RECEIVED     2002617201  05/17/06      100.00   MO        504100        1
RECEIVED     2002667801  06/06/06      610.00   MO        6855XX        1
DISBURSED    68222- 75   06/20/06     -610.00   CV        6855XX        1
RECEIVED     2002758101  07/07/06      610.00   MO        6855XX        1

*********** CASE SUMMARY ***********
                                                         U.S.              COMMERCIAL
                                                      TREASURY               BANKS          OTHER

TOTAL CASE BALANCE:                    710.00

BALANCE IN U.S. TREASURY:                              610.00
CASE DEPOSITORY MAINT. BALANCE :                         0.00

BALANCE IN COMMERCIAL BANKS:                                                 0.00
CASE DEPOSITORY MAINT. BALANCE    :                                          0.00

DEPOSITS TO RECEIPT ACCOUNTS:                                                              100.00

TYPE OF TRANSACTION:
```